654 So.2d 1049 (1995)
Jeffrey Jerome WALKER, Appellant,
v.
Col. Stewart WALKER and D.R. Lehr, Appellees.
No. 94-1196.
District Court of Appeal of Florida, Fifth District.
May 19, 1995.
*1050 Jeffrey Walker, Daytona Beach, pro se.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellees.
THOMPSON, Judge.
Jeffrey Jerome Walker timely appeals a final judgment denying his petition for a writ of mandamus.[1] We affirm.
Walker, an inmate at Tomoka Correctional Institution ("Tomoka"), filed a petition for a writ of mandamus in the lower court seeking desegregation in housing and job assignments. Walker alleged that the policies at Tomoka required cellmates to be of the same race and allowed racial discrimination in inmate job assignments in that the majority of black inmates were assigned to inside grounds, recreation, and food service jobs, while the majority of non-black inmates were assigned to blind service, library, and PRIDE. Walker's petition requested the immediate desegregation of all dorms and cells, the immediate balancing of all jobs, the monitoring of the prison's balancing actions for 48 months after which the injunction would be lifted, and any other relief the court deemed appropriate. The trial court denied Walker's petition for a writ of mandamus, as well as his motion for rehearing, and Walker now appeals.
A petitioner is only entitled to the issuance of a writ of mandamus where the petitioner shows that the petitioner has a clear legal right to the performance of the particular duty sought and that no other legal method exists for redressing the wrong or obtaining the relief to which the petitioner is entitled. Holland v. Wainwright, 499 So.2d 21 (Fla. 1st DCA 1986). Walker advances two arguments, one concerning the assignment of cellmates based upon racial bias and the other concerning the assignment of jobs based upon racial bias, to support his petition for writ of mandamus.
Walker's argument as to the assignment of cellmates must fail because of the absence of proof. Walker did not allege his race or that of his cellmate, and he stated conclusions and offered no proof to support his claim of racial bias. Further, Walker did not demonstrate that he had a clear legal right to live in a desegregated cell or that he was discriminated against. An inmate has no constitutional right to the cellmate of the inmate's choice. Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984). Corrections officials may separate inmates by race if there is a valid non-racial administrative reason. For example, racial separation brought about by policies founded exclusively on a bona fide colorblind concern for the safety of prisoners in our nation's dangerous prisons does not violate the equal protection clause. Id. at 619. As Walker offered no proof that Tomoka's assignment of cellmates was for racial reasons only or that other remedies were inadequate, his first argument must fail.
The absence of proof also dooms Walker's argument regarding job assignments. As with choosing cellmates, prison inmates do not have a constitutionally protected right to obtain a certain job. Adams v. James, 784 F.2d 1077, 1079 (11th Cir.1986). In order to establish an equal protection violation, Walker was required to present proof of both a discriminatory racial purpose and a racially disproportionate impact in job assignments at Tomoka. Foster v. Wyrick, 823 F.2d 218, 220-21 (8th Cir.1987). In the instant case, Walker did not show that he had a clear legal right to a certain job which was denied him based on his race. Walker did not allege in his petition that he was *1051 black; that he was denied any job in the library, blind service, or PRIDE; or that a similarly situated white inmate obtained such employment. Finally, Walker failed to show that other available remedies were inadequate, such as obtaining relief in federal district court or through Tomoka's administrative grievance process. As Walker offered no proof that job assignments were for racial reasons or that other remedies were inadequate, his second argument must fail.
We conclude that the trial court did not abuse its discretion in denying Walker's petition for a writ of mandamus. Walker failed to demonstrate a clear legal right on his part, a ministerial legal duty on the part of appellees, and the absence of another adequate remedy at law. Accordingly, we affirm the trial court's denial of the petition for a writ of mandamus.
AFFIRMED.
HARRIS, C.J., and GRIFFIN, J., concur.
NOTES
[1] This order is appealable under Florida Rule of Appellate Procedure 9.030(b)(1)(A).