PER CURIAM.
Appellant was charged with sexual activity with a child which was alleged to have occurred on or about June 10, 1994. He pled guilty and was sentenced on March 30, 1995. He appeals an order granting the state’s motion to have him declared a sexual predator, arguing that it violates double jeopardy. In Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), the second district concluded that the registration required by the Florida Sexual Predator’s Act, codified at section 775.21-.23, Florida Statutes (1995), does not constitute double jeopardy. We agree with Collie in that regal’d.
Appellant also argues that the trial court erred in granting the state’s motion to declare him a sexual predator in his absence. It does not appear, however, under the circumstances of this case, that the trial court had any choice but to grant the state’s motion to have appellant declared a sexual predator. The granting of the motion was perfunctory. This was not a critical stage of the proceeding which would require appellant’s presence. Collie, 710 So.2d at 1011-12.
Affirmed.
DELL, GUNTHER and KLEIN, JJ., concur.