716 So.2d 863 (1998)
Christopher SOTO, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF HERNANDO COUNTY, Florida, Appellee.
No. 98-217.
District Court of Appeal of Florida, Fifth District.
September 4, 1998.
*864 Mark F. Kelly of Kelly & McKee, P.A., Tampa, for Appellant.
William P. Buztrey and Robert Bruce Snow, Brooksville, for Appellee.
COBB, Judge.
Soto appeals from an order granting the Board of County Commissioners of Hernando County's (the Board) motion to dismiss and denying writ of mandamus.
Soto, a county employee, filed a complaint seeking a writ of mandamus to compel the Board to process a grievance he had filed. Soto alleged that the Board maintains a grievance procedure for county employees which provides:
It is the intent of the County to provide all staff members with the opportunity to secure consideration of a grievance dealing with any of the following employment areas:
Any presumed violation of the personnel regulations and guidelines as adopted by the Board of County Commissioners.
The policy further provides:
The submission of a grievance by an employee shall in no way adversely affect the employee or his employment with the County.
Soto alleged that in 1993 he filed a grievance concerning his employment and obtained relief. In July, 1997, he filed the instant grievance relating to his unsuccessful attempt to obtain a promotion. Soto asserted that a county department director criticized his ability to establish and maintain effective relationships and referred to the fact that Soto had filed a grievance in 1993 as reflecting Soto was not qualified for promotion. Soto alleged that after filing the instant grievance, he received correspondence from the Board advising that his grievance would not be processed because there was no authority for filing a grievance in connection with hiring or promotion decisions which are inherently a management prerogative.
The Board moved to dismiss asserting that Soto failed to show a clear legal right or the existence of a ministerial duty on the part of the Board to grant him a grievance hearing. The trial court dismissed Soto's complaint and denied the writ of mandamus, on the basis:
that Plaintiff's complaint fails to establish the essential elements for mandamus, and Plaintiff has failed to show a clear legal duty on the part of Defendant, or a clear legal right of Plaintiff to compel performance by Defendant....
We reverse because Soto's complaint states a prima facie claim for mandamus relief.
A writ of mandamus is a command from a court directed to another such as an inferior court, public officer or governmental entity, requiring the party to whom it is directed to perform an act that the party has a legal duty to perform because of its official position. State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933). The act commanded by the writ must be ministerial and cannot be one that the party sought to be coerced has any discretion in performing. See English v. McCrary, 348 So.2d 293 (Fla.1977). Mandamus is proper to enforce a right which is clearly and certainly established in the law, but not to litigate the existence of such a right. See Florida League of Cities v. Smith, 607 So.2d 397 (Fla.1992).
Where a governmental agency provides that employee disputes shall be resolved through a grievance process, the agency is bound to fully comply with its own rules and policies. Fredericks v. School Board of Monroe County, 307 So.2d 463 (Fla. 3d DCA 1975). The Board in this case provided in the County's personnel guideline that a grievance may be filed concerning "Any presumed violation of the personnel *865 regulation and guidelines as adopted by the Board of County Commissioners." The guideline further provides that "The submission of a grievance by an employee shall in no way adversely affect the employee or his employment with the County." If, as Soto alleges in his mandamus complaint, he was denied a promotion because he had previously filed a grievance, Soto's employment would be adversely affected due to his filing of a grievance, in violation of the personnel guideline. Any presumed violation of the guideline is subject to the grievance process.
The Board's contention that Soto was not disciplined or demoted and that Soto has no right to file a grievance over the failure to receive a promotion is without merit. The personnel guideline does not limit grievances to review of disciplinary proceedings against an employee.
Soto has stated a prima facie claim for mandamus relief. The order is reversed and, in accordance with Florida Rule of Civil Procedure 1.630(d), the cause is remanded for issuance of an alternative writ in mandamus.
REVERSED AND REMANDED.
ANTOON, J., concurs.
GRIFFIN, C.J., concurs specially, with opinion.
GRIFFIN, Chief Judge, concurring specially.
Given the county's interpretation of its own ordinance that it applies to presumed violations of personnel regulations and guidelines by the county or the employee, reversal is required.