PER CURIAM.
This is an appeal by the appellant, George Alexander, from an order dismissing, with prejudice, Alexander’s second amended complaint which sought the issuance of a Writ of Mandamus against the City of Coral Gables (“the City”) for enforcement of the South Florida Building Code. For the reasons that follow, we affirm.
According to the allegations contained in the complaint, Alexander owns a two-story commercial building in the City which he uses as a photography studio. In 1994, Two Twenty Alhambra, L.C. (below “the *1005 defendants”) began construction of a commercial office building with a parking garage located on the lot. adjoining Alexander’s property. Alexander’s second amended complaint alleged that when it rains, the water often deposits between both his and the defendants buildings in violation of section 4611.1 of the South Florida Building Code.[1] Moreover, in late 1996, Alexander discovered that the foundation of the adjoining parking lot encroached upon his property by four inches.
Despite Alexander’s complaints, the city’s building official ultimately found the defendants’ building to be within the code.[2] Thereafter, the budding official issued a certificate of completion to the defendants. Alexander never objected to the issuance of the certificate of completion. Instead, Alexander brought suit against the defendants for nuisance, trespass and negligence.
The complaint was later amended to add a count for mandamus against the City. This count sought a writ of mandamus requiring the City to order the defendants to resolve the drainage problem and the encroachment issues. Alexander Voluntarily dismissed the count against the City in the amended complaint after the defendants filed a motion to dismiss the mandamus count. Thereafter, a second amended complaint was filed which again contained a count against the City for mandamus.
The City moved to dismiss Alexander’s second amended complaint arguing that the issuance of a certificate of completion is discretionary and thus an improper subject matter for mandamus. The trial court granted the city’s motion to dismiss with prejudice. Alexander now appeals.
As this Court has previously stated: “Mandamus is a recognized remedy to require a public official, who is clothed with the authority, to discharge his duty.” City of Miami Beach v. Sunset Islands 3 & 4 Property Owners Ass’n., 216 So.2d 509, 511 (Fla. 3d DCA 1968). See also, e.g., Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991) (holding that “[mjandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.”). To that end, an act is deemed ministerial when “there is no room for the exercise of discretion.” Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996) (citing Solomon v. Sanitarians’ Registration Bd., 155 So.2d 353 (Fla.1963)).
In this case, it is clear that the building official’s act of issuing a certificate of completion was a discretionary act and thus not a proper matter for mandamus. See PCA Life Ins. Co. v. Metropolitan-Dade County, 682 So.2d 1102, 1103 (Fla. 3d DCA 1995) (stating that “[m]andamus is not available to compel an act which involves the ‘exercise of discretion or judgment.’ ”) (quoting State of Florida ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974)). Accordingly, we affirm the trial court’s dismissal with prejudice of the City of Coral Gables from Alexander’s lawsuit.

. Section 4611.1 "Disposition of Rainwater” provides in pertinent part:
(a) Rainwater or other liquid wastes from any premises shall be disposed of where same originates and/or falls in such manner as herein provided. The disposal of any rainwater or other liquid wastes by causing or allowing same to be disposed of or flow on or across any adjoining public property or sidewalk shall be deemed a nuisance, and shall be corrected by properly disposing of same in accordance with the provisions of Chapter 24 of the Code of Metropolitan Dade County and Ordinance No. 95-27.

. The building official of the city applies and interprets the South Florida Building Code ("the code”). See South Fla. Bldg.Code § 201.1(b)(1) (Rev.1994) ("[t]he Building Official is hereby authorized and directed to interpret and enforce all of the provisions of this Code ... ”).