COBB, J.
Appellant Parrot Heads, Inc. d/b/a Sunset Grille (hereinafter Sunset), appeals from a final order of the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco (Division) taking disciplinary action against its alcoholic beverage license. The Division filed a one count administrative complaint against Sunset’s liquor license alleging as follows:
On 10/20/97, you, Parrot Heads, Inc. d/b/a Sunset Grille, your agent(s) servants), or employee(s) did issue check # 241, in the amount of $781.87, drawn on Barnett Bank, to pay for Surcharge without having credit with such bank with which to pay the same upon presentation, contrary to Section 832.05, within 561.29(l)(a), Florida Statutes.
Check number 241 had apparently been issued to the Division.
Sunset did not dispute any issues of fact but sought an informal hearing[1] to offer mitigation evidence. At the hearing Sunset’s agent, Darios, explained that the debt had subsequently been paid and that the licensed premises had been closed for seven months, which had put Sunset in deep financial straits. The hearing officer asked Darios if Sunset had issued a bad check to the Division prior to this case and Darios answered “yes.” The hearing officer informed Darios that a second violation carries with it a twenty day suspension of the alcoholic beverage license. Darios indicated he was unaware of such possibility. The hearing officer advised that “I’ll take this up with the Director.” Thereafter, a final order was entered by the Director, Division of Alcoholic Beverages and Tobac *1233 co. The order found the violation as alleged and indicated that Sunset had a history of submitting insufficiently funded checks to the Division. A penalty of a 20-day license suspension was imposed pursuant to Florida Administrative Rule 61A-2.022, F.A.C.
Sunset argues that the penalty imposed, a twenty day license suspension, exceeds the agency’s guidelines for the single violation of section 832.05, Florida Statutes, as alleged in the administrative complaint. Sunset was charged with a single violation of section 832.05, Florida Statutes, entitled “Giving worthless checks, drafts, and debit card orders; penalty; duty of drawee; evidence; costs; complaint form.” Under section 561.29(l)(a), Florida Statutes, the Division has the authority to suspend or revoke the alcoholic beverage license of a license holder who violates “the laws of this state.” The Division has adopted, pursuant to authority contained in section 561.11, Florida Statutes, penalty guidelines for violations of law. See Rule 61A.-2.022, F.A.C. “This rule sets for[th] the penalty guidelines which shall be imposed upon alcoholic beverage licensees.... ” Rule 61A-2.022(1), F.A.C. “The penalties for repetitive unlawful conduct shall be based on the same violations occurring within 36 months of the date of the first administrative proceeding notice.” Rule 61A-2.022(3), F.A.C. The guidelines provide that for a violation of section 832.05, Florida Statutes (worthless check) the penalty shall be as follows:
First Occurrence: No future personal checks to the division for 3 years.
Second Occurrence: 20-day suspension and no future personal checks to the division.
Third Occurrence: Revocation.
Sunset points out that it did not dispute the factual allegations of the complaint alleging a single violation of section 832.05, Florida Statutes. While Sunset admitted at the hearing to prior issuance to the Division of a “bad check,” it argues that such admission did not establish a previous violation of section 832.05 and that, even if it did, the Division was required to allege in the complaint the prior violation in order to impose the more onerous penalty. The latter point lacks merit. The fact of a prior violation is in the nature of an aggravating factor which the Division may consider in settling on an appropriate penalty. It is akin to an aggravating factor which may be considered in a criminal context in imposing sentence but which need not be alleged in the charging document.
The initial point, however, is more substantial. The Division’s guidelines speak of a “First Occurrence, Second Occurrence, Third Occurrence,” ie., a first violation, second violation, third violation. Sunset admitted at the hearing that it issued a bad check to the Division “prior to this case.” However, there is no indication of any disciplinary charges being brought by the Division over this bad check. This inaction is significant since merely issuing a check, which is returned for insufficient funds, does not in and of itself establish a violation of section 832.05, Florida Statutes. That statute makes it unlawful to issue a dishonored check by a maker “knowing at the time of the drawing, making, uttering, issuing or delivering such check ... that the maker or drawer thereof has not sufficient funds on deposit ... with which to pay the same.” § 832.05(2)(a), Fla. Stat. Sunset’s agent did not admit to a prior violation of section 832.05(2)(a), Florida Statutes.
Even if a previous violation of the statute is deemed established by Sunset’s agent’s admission, there is no indication on the record nor finding as to when the violation occurred. The Division’s own rules provide that “penalties for repetitive unlawful conduct shall be based on the same violations occurring within 36 months of the date of the first administrative proceeding notice.” An administrative agency is bound by its own rules. Soto v. Board of County Commissioners, 716 So.2d 863 *1234 (Fla. 5th DCA 1998); Marrero v. Department of Professional Regulation, 622 So.2d 1109 (Fla. 1st DCA 1993).
Ordinarily, an agency’s decision in imposing a penalty will be upheld so long as the penalty is within the permissible range of statutory law. See Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978); Clark v. Department of Professional Regulation, 463 So.2d 328 (Fla. 5th DCA), rev. denied, 475 So.2d 693 (Fla.1985). Sunset’s reliance on Arias v. State, Department of Business & Professional Regulation, 710 So.2d. 655 (Fla. 3d DCA), cause dismissed, 718 So.2d 167 (Fla.1998), for reversal is misplaced. In Arias, the Third District reversed a disciplinary penalty where the agency had been directed by statute to develop guidelines for disciplinary violations but had completely failed to do so. The court noted that an agency could impose a penalty outside the guidelines if it states specific findings of mitigating or aggravating circumstances which justify a departure but that this principle had no application where the agency completely failed to comply with the legislative directive to develop penalty guidelines. In this case, the Division has created guidelines for disciplinary penalties. Arias has no application. The concern here is that the Division made no finding of a previous violation of section 832.05(2), Florida Statutes, which under its guidelines would warrant a more onerous penalty, nor is there substantial competent evidence in the record of such a violation. See generally Libby Investigations v. Department of State, 685 So.2d 69 (Fla. 1st DCA 1996).
The final order is reversed and the cause remanded with instructions that the Division impose a penalty based upon the evidence of record.
REVERSED AND REMANDED.
ANTOON, C.J. and PETERSON, J., concur.

. § 120.57(2), Fla. Stat.