776 So.2d 371 (2001)
Helen M. CARUSO, etc., et al., Petitioners,
v.
Earl BAUMLE, Respondent.
No. 5D00-2796.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
Donald Paul McCaskill and Jeffrey M. Byrd, Orlando, for Petitioners.
Lourdes Calvo-Paquette of Law Offices of Robert Soifer, Orlando, and Elizabeth C. Wheeler of Wheeler & Wilkinson, LLP, Orlando, for Respondent.
PLEUS, J.
By petition for writ of mandamus, the petitioners seek to quash an order denying a motion for entry of a final judgment in accordance with the verdict.
Following a jury trial in an automobile accident case, the jury returned a verdict in favor of plaintiff Caruso. The respondent, Earl Baumle, filed a motion for setoff seeking a set-off of amounts paid or payable by Caruso's PIP coverage. Caruso moved for entry of a final judgment in accordance with the verdict, arguing that although Baumle asserted collateral source offsets for PIP benefits as affirmative defenses, Baumle failed to place in the record any admissible evidence as to the amounts of these offsets, and failed to prove his affirmative defenses. After a hearing, the trial court denied Caruso's motion and allowed Baumle to present proof of the offset amounts post-trial.
Caruso asserts that mandamus relief is appropriate to compel the trial court to enter the judgment. She argues that she has a clear right to this judgment because Baumle failed to prove the defense of offset at trial and such post-trial discovery *372 would set a bad precedent. We deny the petition for writ of mandamus.
Mandamus is a common law remedy that is used to enforce an established legal right by compelling a public officer to perform a duty required by law. See Walker v. Walker, 654 So.2d 1049 (Fla. 5th DCA 1995). The official duty in question must be ministerial and not discretionary. See Alexander v. City of Coral Gables, 745 So.2d 1004 (Fla. 3d DCA 1999). Mandamus lies to compel a judge to rule on a case when there is no lawful basis to reserve ruling. See Quintana v. Barad, 528 So.2d 1300 (Fla. 3d DCA 1988).
The petitioners have not established a clear legal right that the trial court has failed to act, nor otherwise any entitlement to immediate relief. The issue of a post-trial collateral set-off can be raised on direct appeal. See, e.g., Allstate Insurance Co. v. Scott, 2001 WL 9836 (Fla. 5th DCA Jan.5, 2001).
PETITION DENIED.
HARRIS and PETERSON, JJ., concur.