PLEUS, J.
Petitioner, Seminole Entertainment, Inc., filed a petition for writ of certiorari in the circuit court to review the order revoking its adult entertainment license entered by respondent, City of Casselberry. The petition was filed on March 2, 2001. Since *1136 that time, the following judges have re-cused themselves from hearing the case: Judge Freeman, Judge Perry, Judge Stephenson, and Judge Eaton. Judge Alley recused herself in a parallel case. Petitioner claims that its business has been devastated, and that it is being denied due process because of the refusal of the circuit court judges of the Eighteenth Judicial Circuit to review and decide its ease on the merits. Petitioner seeks from this court a writ of mandamus to compel the Chief Judge of the Eighteenth Circuit to reassign the case “to an unbiased judge or panel of judges.”
It appears from petitioner’s allegations that its case was promptly reassigned after each recusal. The case was last reassigned to Judge Eaton on May 17, 2001. Petitioner was advised on June 20, 2001, that Judge Eaton would not be hearing the ease. Petitioner does not allege when the Chief Judge was advised of the recusal.
It is not the responsibility of a Chief Judge to assign the case to a neutral judge, but merely to randomly reassign the case. If the Chief Judge chose a specific Judge to hear the case, petitioner or respondent would have grounds to complain. As stated in Caruso v. Baumle, 776 So.2d 371 (Fla. 5th DCA 2001), a writ of mandamus enforces an established right by compelling public officers to perform a ministerial duty required by law and lies to compel a judge to rule when there is no lawful basis to reserve ruling. However, it is not clear that the Chief Judge has delayed in reassigning the case to another judge.
In Powell v. Watson, 565 So.2d 845 (Fla. 5th DCA 1990), this court refused to issue a writ of mandamus when there was no clear showing that the judge was being unresponsive. Compare Bernard v. State, 734 So.2d 606 (Fla. 1st DCA 1999)(manda-mus appropriate where trial court’s delay in ruling on motion was unreasonable).
Although this situation may be frustrating to petitioner, it does not appear that the Chief Judge has failed to perform a ministerial duty within a reasonable time. In addition, petitioner does not allege that it has filed an emergency motion to expedite reassignment which has been ignored. Therefore, the petition for writ of mandamus is denied.
DENIED.
COBB and SHARP, W., JJ., concur.