PLEUS, J.,
concurring and concurring specially.
I concur in the majority decision of this court to deny the petitioner’s request for a writ of mandamus in the proceeding to find the petitioner’s children dependent.
This court cannot compel Judge Dawson to file perjury charges against employees of the Department of Children and Family Services. The decision of whether and how to prosecute for perjury is within the exclusive jurisdiction of the executive branch. Therefore, the trial judge has no duty to prosecute and cannot be compelled to do so.
Likewise, this court cannot require the judge to grant the motion to disqualify himself; mandamus does not lie to compel the trial court to rule a certain way. Moody v. Moody, 705 So.2d 708 (Fla. 1st DCA 1998).
Finally, we cannot order the trial judge or the Department to supply the petitioner with “all records” and “any and all evidence that will reverse the unlawful false convictions” of himself and two others. If the petitioner wants copies of records in the custody of the Department, he can serve a subpoena for the records, and if the Department fails to comply, he can seek an order to compel and sanctions in accordance with the rules and Florida law.
*733 Mandamus is a remedy to enforce an established legal right by compelling public officers to perform ministerial duties required by law. Caruso v. Baumle, 776 So.2d 371 (Fla. 5th DCA 2001). It is not available when an adequate legal remedy exists. Pino v. District Court of Appeal, Third District, 604 So.2d 1232 (Fla.1992).