870 So.2d 203 (2004)
Jerry AMES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4220.
District Court of Appeal of Florida, First District.
March 11, 2004.
Nancy A. Daniels, Public Defender, Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
*204 WEBSTER, J.
Appellant seeks review of his conviction for a lewd and lascivious battery on a child 12 years of age or older, but less than 16, and of his ensuing designation as a "sexual offender" for purposes of section 943.0435, Florida Statutes (2001). He argues that (1) the trial court should have granted his motion for a judgment of acquittal and (2) section 943.0435 violates article I, section 9, of the Florida Constitution because it does not provide for a hearing prior to designation as a "sexual offender." We disagree and, accordingly, affirm.
We first affirm appellant's conviction for lewd and lascivious battery. Notwithstanding his argument to the contrary, the evidence was clearly legally sufficient to support the jury's verdict and the ensuing adjudication of guilt.
Designation as a "sexual offender" for purposes of section 943.0435 turns on a single issuewhether one has been "[c]onvicted of committing, or attempting, soliciting, or conspiring to commit" any of a number of specified offenses. § 943.0435(1)(a)1, Fla. Stat. (2001). It is undisputed that the lewd and lascivious battery of which appellant was convicted is one of those offenses. Appellant candidly concedes that he has no procedural due process claim pursuant to the Fourteenth Amendment to the United States Constitution as the result of the Supreme Court's decision in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). Nevertheless, he argues that section 943.0435 violates his right to procedural due process found in article I, section 9, of the Florida Constitution because it does not provide for a hearing before designation as a "sexual offender."
Appellant correctly notes that we are not necessarily precluded by Connecticut Department of Public Safety v. Doe from concluding that the Florida Constitution affords greater procedural safeguards than does the federal. See generally Traylor v. State, 596 So.2d 957, 962 (Fla.1992) (noting that, "[i]n any given state, the federal Constitution thus represents the floor for basic freedoms; the state constitution, the ceiling"). The flaw, however, in appellant's argument lies in his initial premise that he was designated a "sexual offender" for purposes of section 943.0435 without a hearing. The only relevant consideration for determining whether appellant qualified as a "sexual offender" was whether he had been convicted of one of the offenses specified in section 943.0435(1)(a)1. That appellant met this requirement was determined after a hearinga jury trial on the charge of lewd and lascivious battery. Appellant does not really dispute this. Rather, he argues that he was entitled to a hearing on "whether [he] should suffer the stigma of being classified as a sex offender and be subjected to the threat of criminal penalties for failure to strictly comply with all the notification and registration requirements of the statute" and "whether he is a danger to society and likely to reoffend." However, the legislature has not made either consideration relevant for purposes of qualification as a "sexual offender." Accordingly, the logic of the Court's analysis in Connecticut Department of Public Safety v. Doe, applies with equal force here, and appellant has had all the process to which he was due under either the federal or the Florida Constitution. We note that the only other Florida decision we have found which addresses this precise issue has reached the same conclusion, although based on a somewhat different analysis. See Johnson v. State, 795 So.2d 82, 89 (Fla. 5th DCA 2000).
Appellant's conviction for a lewd and lascivious battery on a child 12 years of age or older, but less than 16, and his *205 ensuing designation as a "sexual offender" for purposes of section 943.0435, Florida Statutes (2001), are affirmed.
AFFIRMED.
ALLEN, J., concurs; BENTON, J., concurs in the judgment.
BENTON, J., concurring in the judgment.
I concur in the judgment. On the question whether, as a state constitutional matter, due process requires a separate hearing, I do so on the authority of Therrien v. State, 859 So.2d 585, 587, 589 (Fla. 1st DCA 2003), review pending, No. SC03-2219 (Fla. Dec. 18, 2003) (holding "[a]ppellant is not entitled to a separate hearing [under the Florida Sexual Predators Act] to prove that he does not pose a danger or threat to society," as a matter of "state and federal procedural due process").