PER CURIAM.
Appellant argues the trial court erred in declaring appellant to be a sex offender and rejecting his argument that section 943.0435, Florida Statutes (1998), which requires the registration of “sex offenders,” is unconstitutional on the ground that it denies procedural due process. Appellant’s argument is without merit. We have recently rejected the same constitutional challenge both under section 943.0435, see Ames v. State, 870 So.2d 203 (Fla. 1st DCA 2004), and under section 775.21, The Florida Sexual Predator Act. See Frazier v. State, 29 Fla. L. Weekly D369, — So.2d -, 2004 WL 221043 (Fla. 1st DCA Feb.6, 2004), and cases cited therein. For purposes of appellant’s argument that a hearing is required before the stigma of sexual offender status is imposed, the two statutes are indistinguishable because they both require an automatic determination if one of the enumerated crimes has been committed, registration for life, and criminal prosecution in the event a defendant fails to register.
AFFIRMED.
WOLF, C.J., ERVIN and VAN NORTWICK, JJ., concur.