ORFINGER, J.
Architectural Sheet Metal, Inc. (“Subcontractor”) obtained a damage award in an arbitration proceeding against HM2 Corporation (“Contractor”) and RLI Insurance Company (“Surety”). The trial court confirmed the award and entered judgment against Contractor and Surety. However, over Subcontractor’s objection, the court permitted Contractor and Surety to deposit the award amount plus interest into the registry of the court, pending the assessment of attorney’s fees. In so doing, the court indicated its intention to conduct an evidentiary hearing to determine which party had prevailed on the significant issues in the arbitration proceedings for the purpose of determining which party was entitled to its fees.
Subcontractor now seeks mandamus relief to compel the trial court to immediately authorize the disbursement of the funds held in the court registry, and certiorari relief to quash the trial court’s order indicating its intention to conduct an evidentiary hearing regarding the issue of attorney’s fees. We deny the petition for certiorari without further comment as we see no departure from the essential requirements of law and no irreparable damage. We also deny Subcontractor’s petition for writ of mandamus as mandamus can only be used to enforce, not establish, a legal right. See Walker v. Walker, 654 So.2d 1049 (Fla. 5th DCA 1995); Phillip J. Padovano, Florida Appellate Practice, § 28.2 (2005 ed.). The official duty in question must be ministerial and not discretionary. Soto v. Bd. of County Comm'rs of Hernando County, 716 So.2d 863, 864 (Fla. 5th DCA 1998). A duty or act is defined as “ministerial” when there is no room for the exercise of discretion, and the performance being required is directed by law. Town of Manalapan v. Rechler, 674 So.2d 789, 790 (Fla. 4th DCA 1996) (citing Solomon v. Sanitarians' Registration Bd., 155 So.2d 353 (Fla.1963)).
Since a judgment entered following an arbitration award is “enforced as any other judgment or decree,” see section 682.15, Florida Statutes (2005), the trial court has the authority to stay execution on the judgment during the pendency of the further proceedings based on a finding of “good cause.” See Fla. R. Civ. P. 1.550(b)[1]; Carpet Concepts of St. Petersburg v. Architectural Concepts, Inc., 559 So.2d 303 (Fla. 2d DCA 1990). Because the trial court had this discretion, mandamus is not available.
PETITION FOR WRIT OF MANDAMUS AND WRIT OF CERTIORARI DENIED.
PLEUS, C.J. and SAWAYA, J., concur.

. Florida Rule of Civil Procedure 1.550(b), entitled “Executions and Final Process,” provides that “[t]he court before which an execution or other process based on a final judgment is returnable may stay such execution or other process and suspend proceedings thereon for good cause on motion and notice to all adverse parties.”