969 So.2d 458 (2007)
Chad Michael CHESHIRE and Christopher Shawn Watley, Appellants,
v.
STATE of Florida, Appellee.
No. 1D06-1358.
District Court of Appeal of Florida, First District.
November 15, 2007.
*459 George W. Blow, III, Live Oak, for Appellants.
Bill McCollum, Attorney General, Charlie McCoy, Senior Assistant Attorney General, and Sheron L. Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellants appeal the trial court's order designating them as sexual predators. We conclude that the order under review must be reversed and remanded, as the entry of the order violated Appellants' procedural due process rights.

Facts and Procedural History
In December 1999, Appellants pled guilty to three counts of attempted sexual battery on a person less than 12 years old. The trial court designated them as sexual offenders in February 2000. Appellants completed their five-year prison sentences and are currently on probation. Neither has violated probation.
In July 2004, the trial court conducted a hearing to determine whether Appellants should be designated as sexual predators. At the conclusion of the hearing, the judge took the matter under advisement, but made no ruling before retiring from office.
The Department of Corrections sent a letter to the successor judge on October 6, 2005, requesting direction regarding whether to treat Appellants as sexual offenders or sexual predators. The successor judge sent a letter to the Assistant State Attorney and enclosed the Department's letter, but did not provide a copy to Appellants' counsel.
The Assistant State Attorney responded to the judge's letter in writing, explaining that Appellants should be designated as sexual predators, as each met the qualifications for the predator designation, but the original sentencing court had incorrectly designated them as sexual offenders. The State further explained that (1) the sexual predator designation was mandatory under section 775.21(4)(c), Florida Statutes (1998), and (2) no hearing was required, as section 775.21(5)(c), Florida Statutes (1998), only requires the state attorney to bring the matter to the court's attention and does not require the trial court to conduct a hearing. The Assistant State Attorney did not send a copy of this correspondence to Appellants or their counsel. The successor judge designated Appellants as sexual predators on February 16, 2006.
Appellants present two arguments on appeal: (1) res judicata and collateral estoppel precluded the trial court from designating them as sexual predators; and (2) the successor judge's designation of Appellants as predators, without providing notice or an opportunity to be heard, violated Appellants' procedural due process rights.

*460 Analysis

Appellants' arguments regarding collateral estoppel and res judicata are premised on their contention that they pled guilty, at least in part, because they agreed to be designated as sexual offenders rather than sexual predators. Although Appellants claim they raised this argument at the July 2004 hearing below, Appellants were required to raise their argument before the judge who actually designated them as sexual predators and obtain an adverse ruling from that judge. See Phillip J. Padovano, Fla. Appellate Practice § 8.1 (2007 ed.) ("[T]he aggrieved party must obtain an adverse ruling in the lower tribunal to preserve an issue for review. The appellate courts review only the decisions of lower tribunals and not abstract issues that are presented in the course of the proceedings.").
Although Appellants did not preserve their arguments, they had no opportunity to do so because the trial court entered its order without informing Appellants that it was reconsidering their designations. While this court has held that a jury trial sufficiently protects a sexual predator's procedural due process rights regarding his designation, a sexual predator does not normally have any argument to raise in response to the court's designation. See Ames v. State, 870 So.2d 203, 204 (Fla. 1st DCA 2004); Milks v. State, 894 So.2d 924, 926-28 (Fla.2005) (rejecting appellants' argument that their procedural due process rights were violated when they were not given the opportunity to argue they did not present a current danger to the community because all that a court considers is whether the appellant has been convicted of the offense); see also Burkett v. State, 731 So.2d 695, 698 (Fla. 2d DCA 1998) (holding that entry of a sexual predator designation was only perfunctory; therefore, the appellant had no right to be present at the hearing); Thomas v. State, 716 So.2d 789, 790 (Fla. 4th DCA 1998) (same).
The State concedes that the trial court should have notified Appellants it was again considering designating them as sexual predators, but argues that the court's lack of notice was harmless error because it was required to designate them as such pursuant to section 775.21(4)(c), Florida Statutes. We find, however, that under the unique circumstances presented here, the trial court violated Appellants' procedural due process rights by communicating with the Assistant State Attorney, without notice to Appellants' counsel. Art. I, § 9, Fla. Const.; see generally State v. Robinson, 873 So.2d 1205, 1212 (Fla.2004) ("Procedural due process affords notice of a possible government deprivation and a meaningful opportunity to contest it, usually before it is imposed."). Section 775.21(5)(c) provides that if a state attorney receives correspondence from the Department of Corrections regarding a court's failure to enter a written order designating an offender as a sexual predator, the state attorney shall notify the court; the statute does not provide that if a court receives correspondence from the Department of Corrections, then the court shall notify the state attorney and request guidance without also notifying opposing counsel regarding the appropriate action.
We reverse the trial court's order designating Appellants as sexual predators and remand for further proceedings consistent with this opinion. Because the original judge did not make a ruling after the hearing on this matter, the successor judge shall notify Appellants that it is once again considering whether to designate them as sexual predators, and it shall conduct a hearing in which Appellants may make any arguments they deem appropriate. See Robinson, 873 So.2d at 1213 *461 (stating that the Sexual Predator Act provides for a hearing before designating an individual a predator because it requires the designation be made at the sentencing hearing).
REVERSED and REMANDED.
BENTON, HAWKES, and THOMAS, JJ., concur.