ORFINGER, J.
 

 Robert G. Bishop appeals an order of the trial court denying his motion to strike his sexual predator designation. Bishop contends that he did not have a qualifying prior conviction to serve as a predicate offense. We affirm.
 

 Several months after pleading no contest to attempted lewd or lascivious exhibition in the presence of a child and being placed on sex offender probation, the State filed a motion to designate Bishop as a sexual predator pursuant to section 775.21(4)(a)2., Florida Statutes (2008). In its motion, the State alleged that a prior New Jersey conviction, together with his Florida offense, qualified him as a sexual predator. Two days later, and without a hearing, the trial court granted the State’s motion and entered an order designating Bishop a sexual predator.
 
 [1]
 
 Bishop did not appeal. Two months later, Bishop filed a motion to remove the designation. Bishop’s motion was denied and this appeal followed.
 

 Bishop’s challenge to his sexual predator designation may be considered pursuant to Florida Rule of Criminal Procedure 3.800(a) if the defect is apparent from the face of the record.
 
 See Saintelien v. State,
 
 990 So.2d 494 (Fla.2008) (holding that rule 3.800(a) motion may be used to challenge sexual predator designation, but only when it is apparent from face of the record that criteria for designation were not met). Here, the record does not allow that determination to be made. Bishop concedes that he was convicted of lewdness in New Jersey. But the record does not disclose whether that crime was the less serious disorderly persons offense defined by N.J. Stat. Ann. § 2C:14-4a. (2008), or the more serious offense defined by N.J. Stat. Ann § 2C:14-4b. (2008). Under N.J. Stat. 2C:1-4, a disorderly persons offense is not a crime, but rather a petit offense, unlike the fourth-degree crime found in section 2C:14-4b. of the New Jersey statute. The former would not qualify as a predicate offense, while the latter would.
 

 
 *848
 
 Bishop should have
 
 been given
 
 a hearing before being designated a sexual predator. The lack of a hearing notwithstanding, Bishop should have appealed his sexual predator designation. Having failed to do so, and having concluded that the propriety of his sexual predator designation cannot be determined from the face of the record, Bishop’s remedy, if he has one, is to be found in a timely motion for postcon-viction relief.
 

 AFFIRMED.
 

 GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . A defendant is entitled to a hearing before a sexual predator designation can be imposed because the court must make findings as to the existence of the qualifying prior conviction.
 
 Cheshire v. State,
 
 969 So.2d 458, 460-61 (Fla. 1st DCA 2007).
 
 See
 
 § 775.21(5)(a)3., Fla. Stat. (2008).