PER curiam;.
 

 Appellant seeks review of an order designating him a sexual predator. He contends that the trial court erred by not holding a hearing to determine whether his federal offenses qualify him for such designation. We agree and reverse.
 

 The State filed a petition alleging that Appellant met the criteria for designation as a sexual predator based on his federal convictions. The petition was filed pursuant to section 775.21(5)(a)3., Florida Statutes (2010), which provides:
 

 If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender who establishes or maintains a permanent, temporary, or transient residence in this state meets the sexual predator criteria described in paragraph (4)(a) or paragraph (4)(d) because the offender was civilly committed or committed a similar violation in another jurisdiction on or after October 1, 1993, the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney of the county where the offender establishes or maintains a permanent, temporary, or transient residence of the offenders presence in the community.
 
 The state attorney shall file a petition with the criminal division of the circuit court for the purpose of holding a hearing to determine if the offenders criminal record or record of civil commitment from another jurisdiction meets the sexual predator criteria. If the court finds that the offender meets the sexual predator criteria because the offender has violated a similar laiv or similar laws in another jurisdiction, the court shall make a written finding that the offender is a sexual predator.
 

 (emphasis added).
 

 The trial court did not hold the hearing required by this statute. This was error.
 
 Cf. Bishop v. State,
 
 42 So.3d 846, 847 n. 1 (Fla. 5th DCA 2010) (“A defendant is entitled to a hearing before a sexual predator designation can be imposed because the court must make factual findings as to the existence of the qualifying prior conviction.”).
 

 
 *1138
 
 This error was not harmless, as the State contends in its brief. The trial court’s order does not specify the offense found by the court to qualify Appellant for designation as a sexual predator; the order simply contains a list of the Florida statutes that could serve as the basis for a sexual predator designation, many of which have no relation to Appellant’s' offenses. Moreover, to the extent the sexual predator designation was implicitly based on the federal offenses referenced in the petition, the order does not include the requisite finding that the offenses are similar to a Florida offense listed in section 775.21(4)(a). It is the responsibility of the trial court, not this court, to make that determination in the first instance.
 

 For these reasons, the order designating Appellant a sexual predator is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED for further proceedings.
 

 PADOVANO, LEWIS, and WETHERELL, JJ., concur.