EDWARDS, J.
The State of Florida petitions this Court, seeking a writ of mandamus to compel the trial court to designate Cameron Burgess (“Respondent”), an out-of-state parolee who moved to Florida from Indiana, as a sexual predator. We dismiss the petition because the State failed to follow the procedures set forth in section 775.21(5)(a)3, Florida Statutes (2014), in the lower court and because the State seeks to compel a discretionary or judgmental function, namely requiring the trial court to rule in a certain way.
On April 4, 2015, the State filed a Motion for Sexual Predator Designation in the trial court regarding Respondent. The State asserted that Respondent was convicted of a sexual offense in Indiana that is similar to offenses in Florida that would require designation and registration as a sexual predator, rather than simply as a sex offender. The State’s motion was filed in Putnam County, Florida, but contained only the Indiana case number. On May 4, 2015, a hearing was held on the State’s motion. The trial court immediately expressed its concern that it did not have jurisdiction because the State had not filed a petition, an information, or otherwise opened a case in Florida.
The State argued that under Respondent’s circumstances, designation as a sexual predator is mandatory and that a hearing is not required. Respondent advised the trial court that, upon moving to Florida from Indiana, he registered as a sex offender, followed all of his reporting requirements, and has otherwise complied with the applicable terms and conditions imposed by the State of Indiana for his lifetime parole. Indiana had not designated him as a sexual predator. Respondent also asserted that he did not believe the condüct underlying his Indiana conviction made him a “predator.”
At the hearing, his Florida parole officer agreed that Respondent had registered as *318 a sex offender with the sheriff. The parole officer confirmed that in accordance with the Department of Corrections’ policies and procedures, she had contacted the State Attorney’s office for review of whether Respondent should be designated as a sexual predator as opposed to a sexual offender. The trial court declined to take any action on the State’s motion, because nothing had been filed that would bring this matter within its jurisdiction.
On June 3, ■ 2015, the State filed the instant petition for mandamus asking this Court to compel the trial court to conduct a hearing and to designate Respondent as a sexual predator.
Instead of filing a motion using the Indiana case number as it did, the State should have commenced a new case by filing a petition so that a hearing could be held for the purpose of a judicial determination as to whether Respondent’s Indiana criminal conviction meets the sexual predator criteria. This situation is governed by section 775.21(5)(a)3., which provides as follows:
If the Department of Corrections, the department, or any other law enforcement agency obtains information which indicates that an offender who establishes or maintains a permanent, temporary, or transient residence in this state meets the sexual predator criteria described in paragraph (4)(a) or paragraph (4)(d) because the offender was civilly committed or committed a similar violation in another jurisdiction on or after October 1, 1993, the Department of Corrections, the department, or the law enforcement agency shall notify the state attorney of the county where the offender establishes or maintains a permanent, temporary, or transient residence of the offender’s presence in the community. The state attorney shall file a petition with the criminal division of the circuit court for the purpose of holding a hearing to determine if the offender’s criminal record or record of civil commitment from another jurisdiction meets the sexual predator criteria. If the court finds that the offender meets the sexual predator criteria because the offender has violated a similar law or similar laws in another jurisdiction, the court shall make a written finding that the offender is á sexual predator.
“Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.” Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991). Mandamus is not available here for two reasons. First, the State had no “established legal right” to require' the trial court to conduct a hearing in this matter unless the State complied with the procedure laid out in section 775.21(5)(a)3. See Henderson v. Crosby, 891 So.2d 1180, 1181 (Fla. 2d DCA 2005).
Second, the relief sought by the State is not limited to compelling a ministerial act. “A duty or act is defined as ‘ministerial’ when there is no room for the exercise of discretion, and the performance being required is directed by law.” Architectural Sheet Metal, Inc. v. RLI Ins. Co., 936 So.2d 1181, 1182 (Fla. 5th DCA 2006). Here, in addition to compelling a hearing, the State seeks to compel the trial court to rule in a certain way, i.e., to designate the Respondent as a sexual predator based upon his Indiana conviction. “A defendant is entitled to a hearing before a sexual predator designation can be imposed because the court must make factual findings as to the existence of the qualifying prior conviction.” Bishop v. State, 42 So.3d 846, 847 n. 1 (Fla. 5th DCA 2010). The determination of whether Respondent is a sexual predator requires the trial judge to eon- *319 duct a hearing, take evidence, and reach a decision. The outcome cannot be compelled by mandamus. See Lakeshore Townhomes Condo. Ass’n., Inc. v. Bush, 664 So.2d 1170 (Fla. 4th DCA 1995) (“[Mjandamus is not available to compel a judge to rule a particular way.'”). For these reasons, the petition for writ of mandamus is dismissed.
 Further, we decline the State’s invitation to alternatively entertain its petition as one seeking a writ of certiorari. The trial court below has not yet been presented with an appropriate opportunity to consider and rule upon the State’s request to designate Respondent as a sexual predator. The State inappropriately bases its alternative petition for a writ of certio-rari on what it anticipates the trial court may do if presented with an appropriate petition. Certiorari is not available to address speculative matters that may occur in the future. Holden Cove, Inc. v. 4 Mac Holdings, Inc., 948 So.2d 1041, 1042 (Fla. 5th DCA 2007). Thus, the alternative petition for writ of certiorari is premature and is also dismissed.
Our denial is -without prejudice, should the State choose to file a petition pursuant to section 775.21(5)(a)3. If such a petition is filed, the trial court should conduct a hearing, consider the evidence and arguments presented, and either grant or deny the petition after making the appropriate findings.
PETITION DISMISSED.
WALLIS and LAMBERT, JJ., concur.