577 So.2d 965 (1991)
Jesse O. PUCKETT, Petitioner,
v.
Richard E. GENTRY, Respondent.
No. 90-2322.
District Court of Appeal of Florida, Fifth District.
March 14, 1991.
Rehearing Denied April 16, 1991.
Jesse O. Puckett, Cross City, petitioner, pro se.
Richard E. Gentry, St. Augustine, respondent, pro se.
COBB, Judge.
The petitioner, Jesse O. Puckett, seeks a writ of mandamus from this court directed to Attorney Richard E. Gentry, who represented him at trial and on appeal in a case wherein Puckett was convicted of murder. Puckett asks that Gentry be compelled to furnish him with "Pre-Trial and Trial Transcript [sic] which have been transcribed via funds from Petitioner" now that the direct *966 appeal has been affirmed. He alleges that, despite repeated requests, Gentry refuses to furnish him these transcripts.
According to the petition, Puckett retained Gentry to represent him at trial and paid him $15,000.00 to do so. He allegedly was told by Gentry that $1,500.00 of this amount was applied to payment for the trial transcript. Subsequent to sentence, Puckett was declared indigent for appellate purposes. He further alleges that Gentry, at the latter's request, was appointed to represent him on appeal "as a court appointed special public defender," and did so. He relies on the case of Dennis v. Brummer, 479 So.2d 857 (Fla. 3d DCA 1985), wherein our sister court ordered a public defender to furnish court transcripts and documents to the client after termination of the case in chief.
Gentry, on the other hand, responds that he is not an official or employee of the State of Florida, has not been paid any attorney fees for the appeal as alleged by petitioner, and has declined to furnish the requested transcripts because his bills and statements to Puckett have been ignored and he would not be reimbursed even costs of copying and shipping a 24-inch thick file to Puckett.
The record reveals no order appointing Gentry as "special public defender" as alleged by Puckett. Rather, at the conclusion of sentencing, the following exchange occurred between the trial court and Attorney Gentry:
THE COURT: ... If you desire to file an appeal, you must file it within a period of 30 days, otherwise, you waive your right to appeal. All right. Okay.
He is adjudicated to be insolvent based upon the affidavit and the Public Defender's Office is appointed to represent him on the appeal.
MR. GENTRY: Your Honor, I would voluntarily continue on the appeal. What I need is the transcript, or I can go to co-counsel with them, that's fine with me.
THE COURT: Mr. Gentry, I can't pay you for representing him on appeal.
MR. GENTRY: I realize that, Your Honor.
THE COURT: If you are willing to do that voluntarily, I will just go ahead and appoint you as the attorney on the appeal, but I can't pay you for it, because the Appellate Courts upheld that it's not a conflict of interest for the Appellate Division of the Public Defender's Office to handle those appeals, and in so far as possible, I must appoint them to do that.
MR. GENTRY: I have no problem. The problem is, we're unable to afford the transcript in this cause.
THE COURT: He's adjudicated to be insolvent and if you want to go forward with the appeal, you're hereby appointed to do so with the understanding we can't pay you for it. Do you agree to do that or not?
MR. GENTRY: That's what I'm doing.
THE COURT: Because I want him to understand he's got a lawyer. He's got a lawyer and I won't have to appoint one for him. Okay. Good.
It is our interpretation of this exchange that Gentry was not appointed special public defender for Puckett on appeal. Despite the trial judge's improvident language in twice referring to his "appointment" of Gentry to represent Puckett on appeal, he had no authority to make such an appointment in the absence of a conflict of interest on the part of the Office of the Public Defender. See § 27.53(3), Fla. Stat. (1989). The trial judge himself recognized that his appointment power was so limited, and expressly acknowledged, at the conclusion of the foregoing colloquy, that appointment of counsel was obviated by private representation  "He's got a lawyer and I won't have to appoint one for him." Whether such private representation is obtained for a fee or gratuitously is immaterial. The trial judge recognized Gentry as counsel for Puckett, but he did not appoint him. The inescapable fact is that Gentry represented Puckett as private counsel, not as a special public defender.
We lack original jurisdiction to intercede, via mandamus, in a dispute between *967 private parties involving disputed factual issues. Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law. See, e.g., Pfeifer v. Powell, 498 So.2d 614 (Fla. 5th DCA 1986); City of Winter Garden v. Norflor Const. Corp., 396 So.2d 865 (Fla. 5th DCA 1981); Goodrich & Cove, Mandamus in Florida, 4 U.FLA.L.REV. 535 (1951).
The appropriate remedy for the return of personal property of a private party wrongfully retained by another private party is an action for replevin. Puckett has no right to mandamus relief in this court  nor, for that matter, in circuit court. We dismiss the instant petition for lack of subject matter jurisdiction.
DISMISSED.
COWART and GRIFFIN, JJ., concur.