681 So.2d 769 (1996)
Cassandra GREEN, Appellant,
v.
Raymond F. GREEN, Appellee.
No. 95-04523.
District Court of Appeal of Florida, Second District.
September 13, 1996.
Rehearing Denied October 7, 1996.
Rana Holz and Alan J. Rubinstein of Alan J. Rubinstein, P.A., Fort Myers, for Appellant.
Leonard M. Johnson of Leonard M. Johnson, P.A., Punta Gorda, for Appellee.
QUINCE, Judge.
Cassandra Green, the former wife, challenges a final judgment of dissolution of marriage on numerous grounds including, inter *770 alia, the trial court's failure to include language in the final judgment explicitly dissolving the marriage. Because there are a number of issues that the trial court failed to address, we remand for further proceedings to consider these matters.
Cassandra and Raymond Green were married on August 21, 1983, and separated on August 23, 1993. There were two children born of the marriage, Daniel Patrick, born May 4, 1984, and Ryan Andrew, born November 26, 1985. Mrs. Green is a registered nurse with a net monthly income of $2,467.66. Mr. Green is a nuclear medicine technologist, and his gross and net monthly incomes were disputed. The trial court determined his net monthly income to be $2,746.57. Based on these figures, Mr. Green's share of the guidelines child support of $1,590.00 was set at 53% and Mrs. Green's share was set at 47%. We find no error in the court's ruling on these issues. In addition to determining child support, the court addressed most of the issues raised by the parties, but only partially resolved certain issues surrounding the equitable distribution of marital assets and liabilities, and the court failed to address other matters.
As a preliminary matter, we must determine whether the trial court dissolved the Greens' marriage. Although the final judgment does not expressly state the marriage is dissolved, the judgment does state the marriage is irretrievably broken and cannot be restored. Additionally, the judgment deals with matters of child custody and support as well as a division of marital property which evinces the court's intent to dissolve the marriage. Most significantly, at the final hearing held on July 20, 1995, the trial court stated, "[I]t's hereby ordered and adjudged, the court dissolves the marriage, grants the petition to dissolve the marriage, places the children with the now former wife." While the better practice is to include language such as that quoted above in the final judgment, we believe the trial court did in fact dissolve the marriage. Cf. Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991), review denied, 599 So.2d 657 (Fla.1992). Any new order issued as a result of this opinion should include language dissolving the marriage.
Secondly, the final judgment orders the former husband to pay child support "until the child has attained the age of 18 years or has graduated from high school, whichever shall occur first." This provision has the effect of possibly terminating child support before a child reaches the age of eighteen. The former husband acknowledges this was error, and contends the provision should be "whichever shall occur last." On remand the judgment should be amended to reflect this result. Zolonz v. Zolonz, 659 So.2d 451 (Fla. 4th DCA 1995).
The parties also raised as an issue the subject of unreimbursed medical expenses. While the court ordered the former husband to continue to provide major medical health insurance for the children, there is no provision in the judgment for unreimbursed medical expenses. On remand the trial court should make provision for these expenses to be paid by either or both parties based upon a factual determination of each party's ability to pay.
The final judgment also distributes most of the parties' marital assets. However, there are assets listed in various pretrial statements and affidavits which were not disposed of in the trial court's equitable distribution plan. For example, the final judgment does not distribute the parties' 401K profit sharing plan, the camper, nor the household furnishings in the Catherine Avenue property. On remand the court must address these and any other marital assets not distributed in the original judgment. Kelley v. Kelley, 656 So.2d 1343 (Fla. 5th DCA 1995).
Similarly, the trial court did not completely address the distribution of the marital debts. The court identifies certain medical debts as marital or nonmarital, but failed to address any of the nonmedical debt. Even with the medical debts, the court merely states each party is responsible for one-half without making a determination as to which party will be responsible for payment of specific debts. Both parties list nonmedical debts, such as a Sears account, a Bank One VISA account, and a Nationsbank account, on their financial affidavits yet no provision is made *771 for the payment of these debts. Moreover, no determination has been made concerning whether these debts are marital or nonmarital. The distribution of marital debts should include identification of the liability and designation of which spouse shall be responsible for the liability. See § 61.075, Fla. Stat. (1993); Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989).
Lastly, it is clear from our review of the final hearing transcript that the issue of attorney's fees and costs was to be determined at a subsequent hearing, yet the trial court did not reserve jurisdiction on that issue in the final judgment. The trial court is directed to rule on the issue of fees and costs or reserve jurisdiction to do so in the final judgment issued after remand.
This cause is remanded for further proceedings not inconsistent with this opinion.
THREADGILL, C.J., and WHATLEY, J., concur.