701 So.2d 118 (1997)
HEALTH CARE ASSOCIATES, INC., Appellant,
v.
BREVARD PHYSICIANS GROUP, P.A., et al., Appellees.
No. 97-2019.
District Court of Appeal of Florida, Fifth District.
October 31, 1997.
Michael R. Riemenschneider and Audra Miller, of O'Brien, Riemenschneider, Kancilia & Lemonidis, P.A., Melbourne, for Appellant.
Bruce A. Katzen, of Kluger, Peretz, Kaplan & Berlin, P.A., Miami, for Appellees.

ON APPELLANT'S MOTION TO RELEASE JURISDICTION OR FOR A DETERMINATION OF THIS COURT'S JURISDICTION
GRIFFIN, Chief Judge.
This appeal is before the court on "Appellant's Motion to Release Jurisdiction or for a Determination of This Court's Jurisdiction." The order appealed is an order of the lower court confirming in part and modifying or vacating in part an arbitration award. At a subsequent hearing in the lower court, the lower court perceptively raised the question of the appealability of this order, thus prompting appellant's motion. The question of jurisdiction having been brought to the court's attention, we conclude that the order sought to be reviewed is a non-appealable, non-final order. That the order is not final is plain from reading the Florida Arbitration *119 Code.[1] The code specifically provides that upon "the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." § 682.15, Fla. Stat. (1995). Thus, an order confirming, modifying or vacating the award is merely interlocutory.
The second question is whether such an interlocutory order is appealable. Appellant relies on section 682.20(1)(c)-(e), Florida Statutes, which does provide for appellate review of such orders. We agree with the conclusion of the First District Court of Appeal in City of Tallahassee v. Big Bend PBA, 22 Fla. L. Weekly D1578 (Fla. 1st DCA June 24, 1997) that the statute is invalid, although we rely most directly on article V, section 4(b)(1) of the Florida Constitution. This is the provision which reposes in the supreme court the power to determine the jurisdiction of district courts of appeal to review interlocutory orders. R.J.B. v. State, 408 So.2d 1048, 1049 (Fla.1982). There is no rule promulgated by the supreme court that authorizes review of orders confirming or modifying arbitration awards. Such decisions of the circuit court become subject to review in the district courts of appeal only upon entry of the final judgment referenced in section 682.15, Florida Statutes.
Accordingly, jurisdiction is relinquished and appellant shall have thirty days from the date hereof within which to obtain a final order. Upon supplementation of the record with such an order, the appeal may proceed; otherwise, it will be dismissed.
W. SHARP and THOMPSON, JJ., concur.
NOTES
[1] §§ 682.01-.22, Fla. Stat. (1995).