721 So.2d 356 (1998)
Gregory DONAHUE, Petitioner,
v.
Charles P. VAUGHN, Respondent.
No. 98-1750.
District Court of Appeal of Florida, Fifth District.
October 23, 1998.
Rehearing Denied November 23, 1998.
Gregory Donahue, Jasper, Petitioner, pro se.
No Appearance for Respondent.
DAUKSCH, Judge.
This is before the court on a petition for writ of mandamus.
Petitioner seeks to have this court order his former attorney to furnish to him, free of charge, copies of documents, held by the attorney, or as petitioner puts it "all records in the above cause." We deny the writ for various reasons.
First, there is no duty upon a private attorney to give any of his files to a client, save documents which are solely those of the client and held by the lawyer. Pleadings, investigative reports, subpoena copies, reports and other case preparation documents are property of the lawyer. He is not *357 required to give that material to the client or make copies free of charge.
Second, if appellant is indigent he can get documents from his court-appointed lawyer or public defender but he is not entitled to them free of charge:
Petitioner was represented at trial by a public defender of the Ninth Judicial Circuit and now seeks a writ of mandamus to compel the public defender to provide free copies of documents in the public defender's file. The contents of an attorney's file relating to professional services performed for a client are the personal property of the attorney, not the client. See Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984). Petitioner is not seeking transcripts which have been paid for at public expense, as in Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991) and Dubose v. Shelnutt, 566 So.2d 921 (Fla. 5th DCA 1990). Although the Public Defender's Office is an agency which maintains public records which must be available for inspection under the florida Public Records Act, section 119.01, et seq., Fla. Stat. (1989), the act specifically provides that a custodian of public records shall furnish copies of those records "upon payment of the fee prescribed by law" and there is no provision for free copies. § 119.07(1)(a), Fla. Stat. (1989). In the absence of a mandatory, ministerial duty on the part of the public defender to provide a former client with free copies of the attorney's file, mandamus is not appropriate.
Woodson v. Durocher, 588 So.2d 644 (Fla. 5th DCA 1991), rev. den., 598 So.2d 79 (Fla. 1992).
Third, mandamus does not lie to require a private citizen, appellee, to perform a "ministerial duty required by law." Mandamus in these circumstances only applies to government officials, like clerks of court. Not private lawyers. See Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA) (mandamus is common law remedy used to enforce "established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law"), rev. denied, 591 So.2d 183 (Fla.1991).
Fourth, if he could require the production of "records" without payment, it would only be for plenary appeals, not post-conviction matters. See Roesch v. State, 633 So.2d 1 (Fla.1993) (indigent prisoner seeking disclosure of public records in conjunction with post-conviction motions not entitled to receive free copies); Ridge v. Adams, 643 So.2d 116 (Fla. 5th DCA 1994) (free copies and services allowed only on plenary appeals, not for post-conviction relief); accord Smith v. State, 696 So.2d 814 (Fla. 2d DCA 1997); Coates v. McWilliams, 650 So.2d 695 (Fla. 3d DCA 1995); Campbell v. State, 593 So.2d 1148 (Fla. 1st DCA 1992).
PETITION DENIED.
COBB and PETERSON, JJ., concur.