729 So.2d 520 (1999)
Wendalyn L. CRAWFORD, f/k/a Wendalyn C. Dwoskin, Appellant,
v.
Steven DWOSKIN, Appellee.
No. 99-350.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*521 Elliot S. Shaw, West Palm Beach, for appellant.
Young, Berman, & Karpf, and Andrew S. Berman, and Mitchell Karpf, North Miami Beach, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.

ON MOTION TO DISMISS
GERSTEN, J.
Wendalyn L. Crawford appeals a circuit court order remanding a matter to an arbitrator to clarify certain portions of his award in a divorce action. Her former husband, Steven Dwoskin, moved to dismiss on the ground that the appeal is premature. We agree and grant the former husband's motion to dismiss.
The order remanding the matter to the arbitrator is clearly not "final" for Florida Rule of Appellate Procedure 9.110 purposes because it does not reflect an end to judicial labor. See City of Tallahassee v. Big Bend PBA, 703 So.2d 1066 (Fla. 1st DCA 1997). Thus, in order to be appealable, the order must fall under the category of exceptions listed in rule 9.130. See City of Tallahassee v. Big Bend PBA, 703 So.2d at 1069. It does not and, hence, the appeal is premature.
The former wife cites State ex rel. Gaines Const. Co. v. Pearson, 154 So.2d 833 (Fla. 1963) for the proposition that the order under review is appealable as an order confirming a portion of the arbitration award. The Pearson Court held that the legislature created a valid means of appealing non-final orders by way of Section 57.29, Florida Statutes (1963). See State ex rel. Gaines Const. Co. v. Pearson, 154 So.2d at 836. See also City of Tallahassee v. Big Bend PBA, 703 So.2d at 1068 (interpreting the order under review in Pearson as a non-final order). Section 57.29, Florida Statutes (1963) is currently found at Section 682.20, Florida Statutes (1997) and provides, in pertinent part:
(1) An appeal may be taken from:
(c) An order confirming or denying confirmation of an (arbitration) award.
(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.
This legislative jurisdictional grant, however, has recently been held to violate the Article V, Section 4(b)(1) of the Florida Constitution. See Health Care Assoc., Inc. v. Brevard Phys. Group, P.A., 701 So.2d 118 (Fla. 5th DCA 1997). Article V, Section 4(b)(1) permits the district courts of appeal to review non-final orders only to "the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. See also R.J.B. v. State, 408 So.2d 1048 (Fla. 1982) (holding that only the supreme court is permitted to decide when interlocutory orders may be appealed). As was pointed out by the Fifth District in Health Care Assoc., Inc., the supreme court has not adopted Section 682.20 as a rule of procedure and, consequently, the statutory jurisdictional grant is not valid. See Health Care Assoc., Inc. v. Brevard Phys. Group, P.A., 701 So.2d at 119. See also City of Tallahassee v. Big Bend PBA, 703 So.2d at 1069 (holding Section 682.20 invalid).
This case cannot be decided under the authority of Pearson. Although the supreme court apparently approved of the legislative jurisdictional grant for confirmation orders in 1963, it did not adopt the legislative suggestion as a rule of procedure as required by the constitution. Thus, even if we accept the former wife's contention that the instant order is implicitly a confirmation order, it is not appealable.
The former husband's motion to dismiss is granted.