862 So.2d 921 (2003)
Fred KELLER, Petitioner,
v.
Rosemarie KELLER, Respondent.
No. 4D03-4391.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
Rehearing Denied February 10, 2004.
*922 Thomas J. Sasser of Sasser, Cestero & Sasser, P.A., West Palm Beach, and Cynthia L. Greene of Law Offices of Greene, Smith & Associates, P.A., Miami, for petitioner.
No appearance for respondent.
WARNER, J.
The husband petitions this court for a writ of prohibition to prevent the circuit court from taking further action in these dissolution proceedings on the ground that the death of the wife prior to the entry of an order adjudicating the dissolution of the marriage deprived the trial court of further jurisdiction. We deny the petition.
On October 30, 2003, after an extensive trial, the court entered a thirty-nine page "Final Judgment of Dissolution of Marriage and Other Relief, With Minor Child." In it, the trial court found that the marriage was irretrievably broken. The court adjudicated all of the parties' respective claims to property as well as child support. It denied alimony based upon a waiver in an antenuptial agreement. However, through clerical error, the court failed to include actual language stating that the marriage was dissolved.
Both parties moved for rehearing, raising as an issue the absence of an adjudication of dissolution of marriage and agreeing that its omission was a technical error. On November 10, 2003, the wife was shot and killed, and the husband was charged with her murder. That same day, the trial court entered an amended final judgment nunc pro tunc to October 30, 2003, including the adjudication of dissolution of marriage. At the time the trial judge knew that the wife had been shot, but did not know whether she was dead.
On November 13, 2003, the husband filed a notice of the death of the wife and moved to dismiss on the ground that the court lacked jurisdiction to amend the final judgment. His position now is that the parties were still married at the time of her death because the final judgment did not contain the adjudication of dissolution of marriage.
The trial court denied the motion to dismiss for lack of jurisdiction, taking the position that the lack of specific language adjudicating the marriage as dissolved did not prevent the judgment from acting as a final judgment of dissolution of marriage, relying on Reopelle v. Reopelle, 587 So.2d 508 (Fla. 5th DCA 1991). We agree that Reopelle applies. In that case, the court held that because there are no "magic phrases" necessary to dissolve a marriage, an order styled "Final Judgment Dissolving Marriage," transferring property to the wife and granting her alimony, also dissolves the marriage despite the omission of language that the marriage was irretrievably broken or dissolved. Id. at 510-11. In this case, the order, styled "Final Judgment of Dissolution of Marriage," determined that the marriage was irretrievably broken, equitably divided all of the marital property, and denied the wife's request for alimony. This was sufficient to dissolve the marriage of the parties.
Petition denied.
FARMER, C.J. and POLEN, J., concur.