864 So.2d 531 (2004)
Eugene DUMAS, Jr., Petitioner,
v.
Theodore MARRERO, Jr., Respondent.
No. 5D03-2303.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
*532 Eugene Dumas, Jr., Bristol, Pro se.
No appearance for Respondent.

ON MOTION FOR REHEARING
PER CURIAM.
Eugene Dumas, Jr., seeks a writ of mandamus to compel his appointed private attorney, Theodore Marrero, Jr., Esquire, to return various records, files and documents retained by Mr. Marrero at the conclusion of Mr. Dumas' criminal case. We originally denied relief in this case by order because mandamus does not lie to compel a private citizen to perform a ministerial duty. See Donahue v. Vaughn, 721 So.2d 356 (Fla. 5th DCA 1998). See also Puckett v. Gentry, 577 So.2d 965 (Fla. 5th DCA), review denied 591 So.2d 183 (Fla. 1991). Mr. Marrero, however, as we learned for the first time in the petition of Mr. Dumas for rehearing, was a specially appointed public defender for Mr. Dumas. That fact makes a big difference.
As we explained in Colon v. Irwin, 732 So.2d 428 (Fla. 5th DCA 1999), private counsel who is appointed to act as a special public defender is an agent of the state and is required to turn over to his client depositions and other documents produced at public expense. See also Ramos v. State, 757 So.2d 616 (Fla. 3d DCA 2000). Thus, it appears that Mr. Dumas may be entitled to some relief.
We are unfortunately unable to tell whether Mr. Dumas should be granted relief. First, he is entitled to have disclosed by his special public defender only such documents (transcripts, for example), as were prepared at public expense. See Donahue. He is not entitled by mandamus to that part of his attorney's file related to the performance of professional services, as those documents are the property of the attorney, not the client. See Dowda and Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984). By the present petition Mr. Dumas is seeking "records, files, and or documents" related to his case and held by Mr. Marrero. His request is too vague for us to act upon. Moreover, for the reasons explained in Donahue, he is not necessarily entitled to receive copies of any of the documents free of charge.
An appellate court is not an appropriate forum to consider the issues raised by this petition because we do not conduct evidentiary or fact-finding hearings. Accordingly, we grant the petition for rehearing and withdraw the earlier order denying relief, but transfer this case to the Circuit Court for the Ninth Circuit, in and for Orange County, Florida, for consideration of the merits of the petition.
Finally, we note that Mr. Marrero failed to respond to our order to show cause why sanctions should not be imposed pursuant to Florida Rule of Appellate Procedure 9.410 for his failure to comply with the September 3, 2003, order of this court to file a response to the Motion For Rehearing. We, accordingly, impose a fine of $250.00, to be paid to the Clerk of this court, within 30 days from the date hereof.
SHARP, W., PALMER and MONACO, JJ., concur.