PER CURIAM.
We treat this petition for habeas corpus as a petition for mandamus, because Petitioner seeks to compel appellate counsel to turn over “all files, records, transcripts, notes, letters from appellant or anyone pertaining to instant case.” This claim is not properly brought in this court. Dumas v. Marrero, 864 So.2d 531, 532 (Fla. 5th DCA 2004) (holding that appellate court is not the proper forum to raise a claim that counsel failed to turn over records because appellate court does not conduct evidentiary proceedings or factfind-ing). Further, as drafted, the claim is too vague to be acted upon. Id. (finding claim for “records, files, and or documents” was too vague).
Petitioner must specifically identify the records he claims were not turned over and seek relief in the trial court. See Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991) (holding, on appeal of denial of mandamus petition in the trial court, that appointed appellate counsel should not be compelled to produce “case records” without charge until petitioner specifically identifies the records and demonstrates that they are his personal property (e.g., produced at public expense) and not counsel’s work product).
. We therefore dismiss the petition without prejudice to his right to seek relief in circuit court.
GUNTHER, STONE and WARNER, JJ., concur.