WALLACE, Judge.
 

 Kevin Jay Norris (the Husband) appeals the circuit court’s order approving the report and recommendations of the general magistrate (GM) with respect to the parties’ petitions for dissolution of marriage. We conclude that the Husband’s arguments on appeal lack merit, and we affirm the circuit court’s order without discussion of those issues. However, because of our concern with the form of the circuit court’s order disposing of the parties’ dissolution action, we write to address that concern and to suggest that the circuit court adopt a new form.
 

 Florida Family Law Rule of Procedure 12.490 provides the procedural framework for family law cases — including actions for dissolution of marriage — that are referred to a GM. After the GM conducts a hearing on a matter referred to him or to her, subsection 12.490(e) requires the GM to file a report stating his or her findings of fact, conclusions of law, and recommendations. However, the filing and service of the GM’s report does not conclude a matter. If a party files exceptions to the GM’s report, the circuit court must hear them on reasonable notice. Fla. Fam. L.R.P. 12.490(f). If no exceptions are filed, the circuit court must “take appropriate action on the report.” Fla. Fam. L.R.P. 12.490(f).
 

 The nature of the “appropriate action” to be taken by the circuit court varies depending on the circumstances of the case. However, the entry of an order or judgment that merely approves the report is insufficient. While the GM makes a recommendation for the circuit court to follow, it is the circuit court’s responsibility to reduce the recommendation to a proper court order or judgment.
 
 See Wellborn v. K-Beck Furniture Mart, Inc.,
 
 54 Ohio App.2d 65, 375 N.E.2d 61, 62 (1977). “Merely stating that the [GM’s] report is approved does not constitute a judgment.”
 
 Id.
 

 Where the marriage of the parties is to be dissolved, the action culminates in the entry of a final judgment of dissolution of marriage.
 
 See
 
 §§ 61.031; 61.052, Fla. Stat. (2008).
 
 See generally
 
 Marjorie A. Schmoyer,
 
 Final Judgment, in Florida Dissolution of Marriage
 
 §§ 10.1-.87 (Fla. Bar CLE 9th ed. 2008). A final judgment of dissolution of marriage typically includes a finding that the parties’ marriage is irretrievably broken and a declaration that it is dissolved.
 
 See
 
 Fla. Fam. L.R.P. Forms 12.990(a)-(c)(2); Schmoyer,
 
 Final Judgment
 
 §§ 10.16, 10.21. Thus, in an
 
 *955
 
 action for dissolution of marriage, the “appropriate action” on the GM’s report is generally entry of a final judgment dissolving the marriage and addressing the remaining recommendations.
 

 Upon our initial review of the circuit court’s order in this case, we questioned whether the order was final because it does not expressly state that the marriage between the parties is dissolved. The GM’s report “RECOMMENDED that a Final Judgment of Dissolution of Marriage be entered, dissolving the marriage of the parties and ordering the recommended relief set forth above.” The circuit court entered an order approving the GM’s report and recommendations but did not state that the marriage between the parties is dissolved. Under some circumstances, such an omission could have serious consequences. In an action for dissolution of marriage, an order that does not either dismiss the action with prejudice or dissolve the marriage of the parties will generally not be “final” for appellate purposes because it does not put an end to the judicial labor.
 
 See Crawford v. Dwoskin,
 
 729 So.2d 520, 521 (Fla. 3d DCA 1999). Such an order is not appealable unless it qualifies as an appealable, nonfinal order under Florida Rule of Appellate Procedure 9.130.
 
 See Crawford,
 
 729 So.2d at 521;
 
 Margulies v. Levy,
 
 439 So.2d 336, 336 (Fla. 3d DCA 1983);
 
 Shapiro v. Shapiro,
 
 432 So.2d 739, 740 (Fla. 4th DCA 1983).
 

 However, despite this irregularity, we conclude the subject order is sufficient to dissolve the parties’ marriage. First, in assessing the sufficiency of a circuit court’s order to dissolve a marriage, this court and two of our sister courts have disregarded technical deficiencies in the order where the intent to effect a dissolution of the marriage was clear.
 
 See Green v. Green,
 
 681 So.2d 769, 770 (Fla. 2d DCA 1996);
 
 Keller v. Keller,
 
 862 So.2d 921, 922 (Fla. 4th DCA 2003);
 
 Reopelle v. Reopelle,
 
 587 So.2d 508, 510-11 (Fla. 5th DCA 1991). In this case, reading the circuit court’s order in conjunction with the GM’s report leaves no doubt that the circuit court intended to dissolve the parties’ marriage.
 

 Second, the circuit court’s order not only “confirmed” and “ratified” the GM’s report and recommendations, it also provided that they are “made an Order of this Court.” By specifically designating the report and recommendations as its own order, the circuit court effectively entered an order in accordance with the GM’s recommendations. Because the GM recommended that the parties’ marriage be dissolved, the circuit court’s order adopting that recommendation was sufficient to dissolve the parties’ marriage.
 

 For these reasons, we find the circuit court’s order to be minimally sufficient. However, if this form order is still in use in Pasco County, we urge the circuit court to discontinue its use immediately. We believe that parties obtaining a dissolution of marriage — whether or not their cases are referred to a GM — should receive a final judgment signed by a circuit judge expressly stating that their marriage is dissolved. In addition to the problems with the circuit court’s order that we have already discussed, the order presents the parties with a practical problem. One cannot determine if the parties’ marriage has been dissolved only by reading the circuit court’s order. Instead, reference must also be made to the GM’s report. If the parties are required later to prove that their marriage has been dissolved, they must present copies of both the circuit court’s order and the GM’s report for examination. The person or persons reviewing the documents may question — as this court did — whether they are effective to dissolve the parties’ marriage. The adoption of the form of a final judgment ex
 
 *956
 
 pressly stating that the marriage between the parties is dissolved and incorporating the other recommendations in the GM’s report will not improve the situation for these parties, but it will help those who pass through the court system after them. Moreover, such a form is readily available.
 
 See
 
 Martin D. Proctor,
 
 Proceedings Before Magistrates and Support Enforcement Hearing Officers, in Florida Dissolution of Marriage
 
 § 20.31 (Fla. Bar CLE 9th ed. 2008). The circuit court should consider the adoption of this form or another similar to it in lieu of the form order under review in this case.
 

 We affirm the circuit court’s order in all respects.
 

 Affirmed.
 

 ALTENBERND and NORTHCUTT, JJ., Concur.