LAMBERT, J.
Theresa A. Seigler (“Mother”) petitions this court to issue a writ of certiorari and a writ of mandamus regarding the order *475 granting Robin Bell’s (“Grandmother”) motion for rehearing or reconsideration in a proceeding to revoke a temporary custody order entered pursuant to chapter 751, Florida Statutes. For the reasons set forth below, we dismiss the petition for writ of certiorari for lack of jurisdiction and deny the petition for writ of mandamus.
On November 24,1999, Mother executed a “Consent to Temporary Custody,” agreeing to provide temporary custody of her son (“Child”) to Grandmother. On November 27, 2001,[1] the trial court entered an order granting temporary custody of Child to Grandmother. Almost nine years later, on March 23, 2010, Mother filed a motion for visitation, seeking “a significant amount of visitation” with Child, and, on May 7, 2010, Grandmother filed a motion for supervised visitation. The matter was referred to a general magistrate, and based on the parties’ stipulation that supervised visitation would serve Child’s best interests, the trial court granted Grandmother’s motion. The supervised visitation with Mother did not go well, and, after four visits, Grandmother stopped bringing Child and advised the supervising entity that Child did not want to visit. The relationship between Mother and Grandmother deteriorated, with Mother asserting that Grandmother was purposely hindering the development of Mother’s relationship with Child, and with Grandmother asserting that (1) Child did not want to develop a relationship with Mother and (2) Child considered Grandmother to be his “mom.”
On November 10, 2010, Mother filed her “Motion to Revoke Temporary Custody by Extended Family,” alleging that Grandmother acquired temporary custody of Child based on Mother’s consent, due to Mother’s then-inability to care for Child. The motion asked the trial court to terminate the temporary custody because Mother had become, and continues to be, able to provide Child with a stable and loving home and provide for his needs. The trial court appointed a guardian ad litem (“GAL”) to represent the best interests of Child, and the matter was again referred to the same general magistrate.
The parties litigated for approximately 18 months before the general magistrate issued his report and recommendation on May 24, 2012. The magistrate noted that the relationship between Mother and Grandmother had deteriorated, but found that “it is uncontroverted that both [Grandmother] and [Mother] love the child beyond measure and wish to act in what they believe to be in the best interests of the child.” The magistrate further found that Mother was drug-free, married, and living with her husband and younger children, that Mother and her husband were gainfully employed, and that Mother had been receiving counseling in anticipation of receiving custody of Child.[2] However, the magistrate found that Child, an intelligent and articulate 13-year-old, did not seem interested in getting to know Mother, but noted that Grandmother had prevented Mother from having contact with Child for several years, making it unclear whether Child’s “feelings or lack of feelings toward [Mother] originated with [Child] or some other person or persons.”
The magistrate concluded that, while a change in custody without a transition ;period would be harmful to Child, custody should eventually be restored to Mother, *476 with liberal “time-sharing and visitation” between Grandmother and Child. The magistrate recommended that the trial court: (1) grant Mother’s motion to revoke temporary custody; (2) order the parties to attend family counseling and Child to attend individual counseling; (3) establish a 64-week incremental reunification period before Mother takes full-time physical custody of Child; and (4) provide liberal and frequent “contact, access, visitation, and time-sharing” between Grandmother and Child, even after full custody is restored to Mother.
Both Mother and Grandmother filed exceptions to the magistrate’s report. On January 11, 2013, the trial court entered its order denying Grandmother’s exceptions, granting Mother’s exceptions, and modifying the magistrate’s report as follows: (1) removing visitation between Grandmother and Child after full-time custody is restored to Mother; and (2) holding erroneous as a matter of law the conclusion that an immediate change in custody from Grandmother to Mother would be detrimental to Child because “detriment to child” is a “legal conclusion,” and the magistrate’s findings of fact were inconsistent with the definition of “detriment to child.”
On January 23, 2013, Grandmother filed a “Motion for Rehearing or Reconsideration” of the January 11, 2013 order, asserting that Child and the GAL wished to provide testimony to the trial court, and asking the trial court to receive such testimony and reconsider its order on the parties’ exceptions to the magistrate’s report. Grandmother also filed a motion for an in-camera interview of Child and a motion to stay.
On February 14, 2013, prior to ruling on Grandmother’s motions, the trial court entered an amended order signed nunc pro tunc as of January 11, 2013, granting Mother’s exceptions to the magistrate’s report and denying Grandmother’s exceptions. The only difference between the January 11, 2013 order and the amended order is that the trial court further modified the magistrate’s report by also removing the provision for the 64-week incremental reunification period. The report, as modified, provides that full-time, permanent custody of Child be immediately transferred to Mother without a transition period, and without any further right to visitation for Grandmother.
Despite the foregoing, on February 25, 2013, the trial court granted Grandmother’s motions to stay and for in-camera interview of Child. However, on February 26, 2013, the trial court entered an order denying Grandmother’s January 23, 2013 motion for rehearing or reconsideration. Nonetheless, the following day, the trial court proceeded with the in-camera interview of Child. After hearing from the GAL and conducting its in-camera interview of Child, the trial court sua sponte entered an order on April 5, 2013, vacating its February 26, 2013 order denying Grandmother’s motion for rehearing, stating that it was “signed in error.”
A hearing on Grandmother’s motion for rehearing or reconsideration was scheduled for November 15, 2013. Grandmother filed a motion for continuance and a hearing on the motion was held. On November 15, 2013, the trial court entered an order signed nunc pro tunc as of November 4, 2013, granting Grandmother’s motion to continue, but requiring the parties to submit written arguments “in lieu of personal attendance and oral argument.” After reviewing the parties’ timely-filed memoranda, the trial court entered an order dated January 24, 2014, granting Grandmother’s motion for rehearing or reconsideration, stating that it failed to consider evidence as to the best interests of *477 Child in allowing the custody change to Mother without a transition period.

CERTIORARI

In this portion of her petition, Mother asserts three reasons why she believes the trial court departed from the essential requirements of law when it granted Grandmother’s motion for rehearing or reconsideration: (1) Grandmother’s motion for rehearing was untimely; (2) the trial court granted the motion based on its stated failure to consider evidence that is irrelevant to the legal standard applicable in a motion to revoke temporary custody by an extended relative; and (3) the trial court lost jurisdiction over the case because the motion for rehearing was untimely. In response, Grandmother argues that: (1) her motion for rehearing was timely despite the fact that her motion was filed 12 days after the January 11, 2013 order because Florida Rule of Civil Procedure 1.530 was amended, effective January 1, 2014, to extend the time to file a motion for rehearing from 10 to 15 days, and that amendment should be applied retroactively to her filing in January 2013; and (2) even if this court finds that the amendment to rule 1.530 does not apply retroactively, the trial court correctly considered Grandmother’s motion on public policy grounds.
“To obtain relief by way of a writ of certiorari, a petitioner must establish: 1) a departure from the essential requirements of the law, 2) a resulting material injury for the remainder of the trial, and 3) the lack of an adequate remedy on appeal.” Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So.2d 1083, 1087 (Fla. 5th DCA 2007) (citing MaHin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)). The second and third prongs of this three-part standard of review are often combined into the concept of “irreparable harm,” and they are jurisdictional. See Citizens Prop. Ins. Corp. v. San Perdido Ass’n, 104 So.3d 344, 351 (Fla.2012) (citing Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999)); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648-9 (Fla. 2d DCA 1995). An appellate court must find irreparable harm before it may consider whether there has been a departure from the essential requirements of the law. See Citizens Prop. Ins. Corp., 104 So.3d at 351 (citing Williams v. Oken, 62 So.3d 1129, 1132-33 (Fla.2011)).
To explain why we are dismissing the petition for writ of certiorari, we find it necessary to clarify first the nature and effect of the trial court’s amended January 11, 2013 order on the parties’ exceptions to the magistrate’s report and, second, how our determination of the effect of the order affects the consideration of Grandmother’s January 23, 2013 motion for rehearing or reconsideration. Our discussion of the January 11, 2013 order requires us to discuss the role of magistrates and the effect of their reports and recommendations.
I. The Trial Court’s Order on the Parties’ Exceptions to the Magistrate’s Report Was Not a Final Judgment
Once a magistrate carries out his or her duties pursuant to the referral from the trial court, the magistrate must file a report and recommendation and serve copies on the parties. Fla. Fam. L. R. P. 12.490(f). While a magistrate’s report is more than a mere recommendation,[3] it is *478 not a final judgment, as magistrates lack the authority to enter final judgments. See Lackner v. Cent. Fla. Invests., Inc., 14 So.3d 1050, 1053 (Fla. 5th DCA 2009) (citing Bell v. Bell, 307 So.2d 911, 914 (Fla. 3d DCA 1975)). The parties are permitted to file exceptions to the report that the trial court must hear. Fla. Fam. L. R. P. 12.490(f). Even when no exceptions are filed, the trial court is “duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether[,] under the law and facts[,] the court is justified in entering the judgment recommended” by the magistrate. Lackner, 14 So.3d at 1053(quoting Bell, 307 So.2d at 914). Then, the trial court “shall take appropriate action on the report.” Fla. Fam. L. R. P. 12.490(f) (emphasis added).
A magistrate’s report does not have any adjudicatory effect unless and until the trial court adopts it as the order or judgment of the court. See Norris v. Norris, 28 So.3d 953, 954 (Fla. 2d DCA 2010). It is the trial court’s responsibility to reduce the report to a proper order or judgment, clearly indicating that the court is adopting the report as its own order or judgment. Id. (citing Wellborn v. K-Beck Furniture Mart, Inc., 54 Ohio App.2d 65, 66, 375 N.E.2d 61 (1977)). Merely “approving” the magistrate’s report is not sufficient to effect an appealable final judgment. See id. at 954-55 (finding that the circuit court’s order approving the magistrate’s reports and recommendations was not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130).
We find that neither the trial court’s order nor its amended order on the parties’ exceptions to the magistrate’s report clearly adopted the magistrate’s report as the final judgment of the court. Rather, after stating that Grandmother’s exceptions were denied and that Mother’s exceptions were granted, and after detailing the errors to be “removed” from the report, the only action taken by the trial court on the report was a modification (i.e., “the Report ... is hereby modified ... ”). Thus, neither the January 11, 2013 order nor the February 14, 2013 amended order constitutes an appealable final judgment.

II. Grandmother’s “Motion for Rehearing or Reconsideration” was a Motion for Reconsideration

Motions for rehearing and motions for reconsideration are two distinct motions and, though they are often confused, they do not overlap. Motions for “rehearing” pursuant to Florida Rule of Civil Procedure 1.530 apply only to final judgments and “those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor on a portion of the cause.” Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390 n. 6 (Fla. 3d DCA 1986) (citations omitted). Motions for “reconsideration” apply to nonfinal, interlocutory orders, and are based on a trial court’s “inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action .... ” Silvestrone v. Edell, 721 So.2d 1173, 1175 *479 (Fla.1998) (citations omitted). Nomenclature does not control, and motions for either “rehearing” or “reconsideration” aimed at final judgments shall be treated as rule 1.530 motions for rehearing, while motions aimed at nonfinal orders shall be treated as motions for reconsideration. See Magnum Towing, Inc. v. Sunbeam Television Corp., 781 So.2d 379, 380 (Fla. 3d DCA 1998) (treating a motion that was “mislabeled” a motion for “reconsideration” as a rule 1.530 motion for “rehearing” because it was aimed at a final order (citing Rebholz v. Floyd, 327 So.2d 806 (Fla. 2d DCA 1976))); Bettez v. City of Miami, 510 So.2d 1242,1243 (Fla. 3d DCA 1987) (treating a motion that was “mislabeled” a motion for “rehearing under [rule] 1.530” as a motion for “reconsideration” because it was aimed at an interlocutory ruling (citing Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924))).
The trial court’s order granting Mother’s exceptions to the magistrate’s report and modifying the magistrate’s report was not a final judgment. Therefore, Grandmother’s “Motion for Rehearing or Reconsideration” of that order is appropriately characterized as a motion for reconsideration of an interlocutory order.
III. Grandmother’s Motion for Reconsideration WPas Timely, and the Trial Court Had Jurisdiction to Sua Sponte Vacate Its February 26, 2013 Order Denying Her Motion
Having determined that Grandmother’s “Motion for Rehearing or Reconsideration” was actually a motion to reconsider an interlocutory order, the provisions of rule 1.530 that control the time in which a motion for rehearing must be filed do not apply. Because “the trial court retains inherent authority to reconsider ... any of its nonfinal rulings prior to entry of the final judgment,” a motion for reconsideration may be filed at any time before the entry of final judgment. See Silvestrone, 721 So.2d at 1175 (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla.1962)). A trial court may sua sponte reconsider and amend or vacate its interlocutory orders prior to final judgment. See id. Therefore, Grandmother’s motion for reconsideration was timely and the trial court did not lack authority or jurisdiction to sua sponte vacate its order denying Grandmother’s motion for reconsideration.

IV. The Order Granting Grandmother’s Motion for Reconsideration Is Also Not an Appealable Nonfinal Order

Lastly, we consider whether the order is an appealable nonfinal order. There are limited nonfinal orders that may be appealed pursuant to Florida Rule of Appellate Procedure 9.130. The only provision under which the order granting reconsideration could conceivably be classified as an appealable nonfinal order is rule 9.130(a)(3)(C)(iii), i.e., an order determining the right to child custody in family law matters. However, the order granting reconsideration is not an appealable nonfinal order because it does not determine the right to child custody, but merely indicates that more evidence will be considered before the trial court determines Mother’s motion to revoke the prior temporary custody order. Therefore, because the order is a nonappealable, nonfinal order, and its entry did not constitute a departure from the essential requirements of law, or cause irreparable harm to justify relief by way of writ of certiorari, we lack jurisdiction to grant the requested relief.

MANDAMUS

Mother also requests this court issue a writ of mandamus, directing *480 the trial court to reinstate its order denying Grandmother’s motion for rehearing or reconsideration and to adjudicate her motion to revoke the temporary custody order. “Mandamus is a common law remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.” Poole v. City of Port Orange, 33 So.3d 739, 741 (Fla. 5th DCA 2010) (citing Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991)). “To state a cause of action for mandamus, a party must allege a clear legal right to performance of the act requested, an indisputable legal duty, and the lack of an adequate remedy at law.” Id. (citing Radford v. Brock, 914 So.2d 1066,1067 (Fla. 2d DCA 2005)). Because we have concluded that the trial court had the authority to enter its sua sponte order granting Grandmother’s motion for rehearing or reconsideration, thereby allowing it to consider additional evidence at a later hearing on the motion to revoke the temporary custody order, mandamus relief is not presently appropriate.
PETITION FOR WRIT OF CERTIO-RARI DISMISSED; PETITION FOR WRIT OF MANDAMUS DENIED.
LAWSON and BERGER, JJ., concur.

. The record is not clear why there was a two-year delay between the execution of the consent and the entry of the temporary custody order.

. The magistrate also noted that Grandmother stipulated that Mother is a fit parent.

. Though a magistrate’s findings of fact and conclusions of law are not binding upon the trial court, Bergh v. Bergh, 127 So.2d 481, 486 (Fla. 1st DCA 1961), they "come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [magistrate] has *478 misconceived the legal effect of the evidence presented,” De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995) (citations omitted). Therefore, a trial court should review the magistrate’s findings of fact to determine whether, based upon the complete record provided, they are supported by competent, substantial evidence, French v. French, 12 So.3d 278, 279-80 (Fla. 5th DCA 2009), and the trial court should determine "whether there was any ... departure from the essential requirements of law,” Carls v. Carls, 890 So.2d 1135, 1138 (Fla. 2d DCA 2004).