# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1805
Lower Tribunal No. 19-22639

_____

**ARP Acquisitions Corp., etc.,**
Appellant,

vs.

**PHH Mortgage Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Alberto D. Rey, P.A., and Albert D. Rey, for appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and David Rosenberg (Boca Raton), for appellee.

Before EMAS, SCALES and MILLER, JJ.

SCALES, J.

Appellant ARP Acquisitions Corp. ("ARP"), a third-party purchaser at a foreclosure sale, appeals the trial court's November 5, 2020 order that grants, in part, a motion for reconsideration filed by appellee PHH Mortgage Corporation ("PHH"), the foreclosing lender. The motion for reconsideration sought to amend a portion of a March 4, 2020 final judgment that had vacated the foreclosure sale and required PHH to reimburse ARP its purchase price, as well as its fees and costs.  We quash the challenged order because the trial court had lost jurisdiction to adjudicate PHH's reconsideration motion and alter or amend the March 4th final judgment.

## I. Relevant Facts

After the trial court had entered a November 19, 2019 final foreclosure judgment in favor of PHH, the borrower – who is not a party to this appeal – tendered sufficient funds to reinstate the mortgage. By that time, the trial court already had scheduled the foreclosure sale for January 13, 2020. PHH sought to vacate the foreclosure judgment and cancel the sale, but the trial court did not receive PHH's hearing package in time. The foreclosure sale occurred, and ARP was the successful purchaser. The Clerk issued ARP the certificate of sale on January 16, 2020. The certificate of title, though, was not issued.

After the sale, PHH, pursuant to Florida Rule of Civil Procedure 1.540(b),[1] moved to vacate the foreclosure judgment and the resulting foreclosure sale. The trial court entered an order on January 27, 2020 vacating the foreclosure judgment, canceling the sale, and reinstating the note and mortgage. This January 27, 2020 order, however, neglected to authorize a refund of ARP's purchase price; consequently, PHH filed a second motion to vacate the final judgment and cancel the sale. The trial court conducted a hearing on this second motion to vacate on March 4, 2020.

At this hearing, ARP's counsel made an *ore tenus* motion for the award of fees and costs it had incurred associated with the foreclosure sale, which motion the trial court granted in its resulting order (the "March 4th final judgment"). The March 4th final judgment canceled the foreclosure sale, ordered the Clerk to refund ARP its purchase price in the amount of $273,181.05, and ordered PHH to pay ARP $8,534.21 in fees and costs within twenty days of the March 4th final judgment.

PHH did not timely file a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530, nor did it appeal the March 4th final judgment.

---

[1] In relevant part, this rule reads as follows: "On motion and upon such terms as are just, the court may relieve a party . . . from final judgment, decree, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fla. R. Civ. P. 1.540(b)(1).

Rather, on March 20, 2020 – more than fifteen days after the entry of the March 4th final judgment – PHH filed what it styled as its "motion for reconsideration" in which PHH generally lodged objection to that portion of the March 4th final judgment requiring it to pay ARP's fees and costs ("first reconsideration motion"). On April 30, 2020, the trial court entered an order summarily denying PHH's first reconsideration motion.

Then, on May 5, 2020, two months after rendition of the March 4th final judgment, PHH renewed its motion for reconsideration ("second reconsideration motion"), alleging a calculation error in that portion of the March 4th final judgment that granted ARP $8,534.21 in fees and costs. On June 18, 2020, the trial court conducted a hearing on PHH's second reconsideration motion, and, while we do not have a transcript of this hearing, it appears from the record that the trial court deferred ruling on the motion and sought memoranda of law from the parties on, among other things, its jurisdiction to hear the second reconsideration motion. It is clear from the resulting November 5, 2020 order (the "November 5th order") granting PHH's second reconsideration motion – the order on appeal – that the trial court determined it had continuing jurisdiction to adjudicate PHH's second reconsideration motion. In this November 5th order, the trial court

4

ordered the setting of an evidentiary hearing to revisit its prior determination of the fees and costs due to ARP.

ARP timely appealed the trial court's November 5th order.

## II. Analysis

ARP's principal argument on appeal is that the March 4th final judgment was a final, appealable order as to all issues related to it, and therefore, the trial court was without jurisdiction to adjudicate PHH's first reconsideration motion and second reconsideration motion. We agree with ARP.

A party may file a motion for reconsideration to address a nonfinal order only. See Taufer v. Wells Fargo Bank, N.A., 278 So. 3d 335, 336-37 (Fla. 3d DCA 2019). "Nomenclature does not control, and motions for either 'rehearing' or 'reconsideration' aimed at final judgments shall be treated as rule 1.530 motions for rehearing, while motions aimed at nonfinal orders shall be treated as motions for reconsideration." Seigler v. Bell, 148 So. 3d 473, 479 (Fla. 5th DCA 2014).

A trial court loses jurisdiction to alter or amend a final judgment after the time for filing a rule 1.530 motion has elapsed. Balmoral Condo. Ass'n v. Grimaldi, 107 So. 3d 1149, 1151-52 (Fla. 3d DCA 2013). Because it is undisputed that PHH's first reconsideration motion was not filed within fifteen

5

days after rendition of the March 4th final judgment as required by rule 1.530(g),[2] our inquiry is simply whether the trial court's March 4th final judgment constituted a "final judgment" for purposes of rule 1.530. If it did, then the trial court lost jurisdiction to amend or alter the judgment as of March 19, 2020, the day before PHH filed its first reconsideration motion.

An order is final, thus triggering rule 1.530's timing requirement, when no further judicial labor is required. Samara v. Tenet Fla. Physician Servs., LLC, 317 So. 3d 187, 188 n.1 (Fla. 3d DCA 2021); Weiss v. Weiss, 317 So. 3d 167, 169 (Fla. 3d DCA 2021) ("The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement, if necessary." (quoting Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002))). From our review of the record, we are unaware of, and PHH has not identified, any issue involving ARP requiring any judicial labor after the entry of the March 4th final judgment. All issues relating to the dispute between PHH and ARP were adjudicated in the March 4th final judgment. The March 4th final judgment was therefore final as to ARP.

---

[2] This rule reads as follows: "A motion to alter or amend the judgment shall be served not later than 15 days after entry of the judgment, except that this rule does not affect the remedies in rule 1.540(b)." Fla. R. Civ. P. 1.530(g).

6

Once the time period for filing a rule 1.530 motion directed toward the March 4th final judgment had elapsed, the trial court was without jurisdiction to adjudicate either PHH's first reconsideration motion or its second reconsideration motion. We therefore quash the trial court's November 5th order as it was entered without jurisdiction.

Order quashed.